IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cesar Castaneda-Benavidez, ) | C/A No.: 5:24-1037-SAL-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Joseph, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Cesar Castaneda-Benavidez ("Petitioner") proceeding pro se, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his habeas Petition, Petitioner challenges the manner in which the Federal Bureau of Prisons("BOP") calculated and applied his First Step Act time credits. ECF No. 1. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. ECF No. 17. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 4, 2024, the court advised Petitioner of the summary judgment and dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 19. Petitioner failed to respond. The court issued an order on July 31, 2024, directing Petitioner to advise the court whether he wished to continue with his case and to file a response to Respondent's Motion by August 30, 2024. ECF No. 21. On August 8, 2024, Petitioner filed a Response in Opposition to Respondent's Motion, ECF No. 23.

In his August 8 response, Petitioner indicated he was scheduled to be transferred into the custody of Immigration Services (INS) on August 15, 2024. ECF No. 23. On October 25, 2024, the undersigned directed Respondent to provide the court with the status of Petitioner's

1

incarceration. ECF No. 26. On October 29, 2024, Respondent filed a status report with the court indicating Petitioner was released from BOP's custody on August 19, 2024, via Good Conduct Time Release. ECF No. 28. Respondent also noted Petitioner was released to the custody of Immigration and Customs Enforcement based upon their retainer. *Id.* Because Petitioner is no longer in BOP's custody, it appears that any substantive ruling on the issues raised in the Petition and in Defendant's Motion has been rendered moot.

I.    Factual and Procedural Background

On September 30, 2021, Petitioner entered a guilty plea to conspiring with others to possess with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70506(b). *See United States v. Benavidez*, C/A No.: 1:17-cr-20489-DPG-1 (S.D. Fl. Jan. 14, 2022), ECF Nos. 76, 77. On January 13, 2022, the district court sentenced Petitioner to 87-months imprisonment. *Id.*, ECF No. 83.

Petitioner filed the instant Petition on February 29, 2024, while he was incarcerated at FCI Bennettsville, a BOP facility. ECF No. 1. In his Petition, Petitioner claims his due process rights were violated when the earned time credits he accumulated under the First Step Act were taken away and his release date pushed back to August 19, 2024. ECF No. 1 at 6. Petitioner asked the court to issue an order reinstating his earned time credits, change his released date back to December 8, 2023, and release him immediately to the custody of immigration authorities. ECF No. 1-1 at 6.

Petitioner has received the relief he ultimately sought in his instant 28 U.S.C. § 2241 Petition as Petitioner was released from BOP custody into the custody of the Immigration and Customs Enforcement based upon their detainer. *See* October 29, 2024, status report, ECF No. 28; *see also*, https://www.bop.gov/inmateloc/. Accordingly, the instant Petition should be dismissed

2

without prejudice as moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (explaining that a federal court lacks authority to render decisions on moot questions or make rulings that cannot affect the case before it); *see also, Alston v. Adams*, 178 F. App'x 295 (4th Cir. 2006) (finding that petitioner was no longer in federal custody and therefore his action against respondent challenging his federal detention and potential release to state authorities was moot); *Alvarez v. Conley*, 145 F. App'x 428 (4th Cir. 2005) (holding that a § 2241 petition that was based on a claim of illegal detention, and only sought release from that detention, was rendered moot upon petitioner's release).

II.     Recommendation

For the foregoing reasons, the undersigned recommends the Petition in this matter be *dismissed without prejudice*. This recommendation would also make Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, ECF No. 17, moot.

IT IS SO RECOMMENDED.

October 30, 2024                                           Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).