IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Cesar Castaneda-Benavidez,<br><br>    Petitioner,<br><br>v.<br><br>Warden Joseph,<br><br>    Respondent. | Case No. 5:24-1037-SAL-KDW<br><br><br>**ORDER** |

  This matter is before the court for review of United States Magistrate Judge Kaymani D. West's October 30, 2024, Report and Recommendation, made pursuant to 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 29.] The Magistrate Judge recommends the court dismiss plaintiff Cesar Castaneda-Benavidez's petition for a writ of habeas corpus on the grounds Castaneda-Benavidez is no longer in the custody of the Bureau of Prisons and, thus, his petition and subsequently filed motions are moot. The Magistrate Judge attached to the Report a notice advising Castaneda-Benavidez of the procedures and requirements for filing objections to the report and the serious consequences if he failed to do so. *Id.* at 4. The notice specifically warned Castaneda-Benavidez that if he did not timely file an objection to the report then the court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)). The notice also warned Castaneda-Benavidez his "[f]ailure to timely file specific written objections to [the Report] will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation." *Id.* (internal citations omitted).

1

Castaneda-Benavidez did not object or otherwise respond to the Magistrate Judge's Report, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). As noted above, the court is not required to provide an explanation for adopting the Report if no party objects to the Report; instead, it must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note).

Having thoroughly reviewed the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 29, and incorporates the Report by reference herein. The court thus **DISMISSES** this action without prejudice as **MOOT**. Because of the court's ruling, respondent's pending motion to dismiss or, in the alternative, motion for summary judgment, ECF No. 17, is also **MOOT.**

**IT IS SO ORDERED.**

*[signature: Sherri A. Lydon]*

December 10, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge